IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-53,613-08






EX PARTE LARRY RAY SWEARINGEN





ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 99-11-06435-CR FROM THE 9TH DISTRICT COURT


MONTGOMERY COUNTY





 Per Curiam. Cochran, J., filed a concurring statement.


O R D E R



 We have before us a document entitled an "Application for Motion to Abate Appeal
and Request for Stay of Execution." The exclusive remedy for the relief applicant seeks
would be an application for a writ of habeas corpus filed pursuant to Article 11.071. Insofar
as applicant's "application" seeks another remedy, it is dismissed. Treating the application
as an Article 11.071 application for writ of habeas corpus, we also dismiss.

 Applicant was convicted of capital murder on June 28, 2000, and sentenced to death. 
We affirmed the conviction and sentence on direct appeal. Swearingen v. State, 101 S.W.3d
89 (Tex. Crim. App. 2003). On March 11, 2002, applicant filed in the trial court his initial
application for writ of habeas corpus pursuant to Article 11.071. We denied relief. Ex parte
Swearingen, No. WR-53,613-01 (Tex. Crim. App. May 21, 2003)(not designated for
publication). On January 22, 2007, applicant filed a subsequent application in the convicting
court. We remanded six of his claims to the convicting court for resolution. After the case
was returned to this Court, we reviewed the findings of the convicting court, adopted them,
and denied his application. Ex parte Swearingen, No. WR-53,613-04 (Tex. Crim. App. Jan.
16, 2008)(not designated for publication). 

 On January 16, 2008, applicant filed a second subsequent application in the convicting
court. We remanded two of his claims to the convicting court for resolution. After the case
was returned to this Court, we reviewed the findings of the convicting court, adopted them,
and denied his application. Ex parte Swearingen, No. WR-53,613-05 (Tex. Crim. App. Dec.
17, 2008)(not designated for publication). Applicant has now filed this third subsequent
application in which he raises a single claim. After reviewing the application, we have
determined that applicant's claim does not meet the requirements of Article 11.071, § 5. 
Applicant's filing is dismissed.

 IT IS SO ORDERED THIS THE 27TH DAY OF JANUARY, 2009.

Do Not Publish